[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant herein moves for summary judgment on the grounds that its bond upon which the plaintiff's fourth count is based provides that suit on any such claim must be brought within one year of the cessation of work and that in as much as this complaint was brought beyond the one year it is barred and summary judgment should enter.
The plaintiff claims that Sec. 38-27 C.G.S. provides that there shall be no limitation of action on a surety payment bond (c) for a period less than 3 years. The court agrees. The defendant's bond expressly provides that should the state in which this project is situated prohibit any limitation imposed by the bond (Ex. A. para. 3a), such limitation is deemed amended so as to comply. The parties have submitted to Connecticut law as controlling as regards this provision in order to comply with the requirements imposed by Sec. 38-27 and "it is settled law that parties to a contract may expressly make the choice of law by which it is to be governed." Hertz Commercial Leasing Corporation v. Dynatron Inc. 37 Conn. Sup. 7, 10.
Accordingly, since the three year statute is applied to this contract of suretyship by virtue of Sec. 38-27 the action is timely and the Motion for Summary Judgment is denied.
GEORGE W. RIPLEY, JUDGE.